WILLIAM H. CLAPP *vs.* HEZEKIAH H. SMITH *et als.*

A *chose in action* is not an equitable asset.

A bill in equity will not lie to subject a *chose in action* to a judgment creditor's claim when the *chose in action* can, for anything that appears, be reached by garnishment.

BILL IN EQUITY to subject certain moneys to the payment of a judgment debt. On demurrer to the bill.

*February* 8, 1890. PER CURIAM. This is a suit in equity brought by the complainant, as a judgment creditor of one Hezekiah H. Smith, against said Smith and others. The object of the suit is to have certain money belonging to Smith, now in the hands of Carroll & McParlin, applied to the payment of the judgment debt. The bill does not show that the complainant has acquired any lien upon the money, or that he has any claim to the equitable interposition of the court, except that he obtained a judgment upon his claim, and had an execution on such judgment

returned unsatisfied, and has since obtained a second judgment upon the former judgment, which might, perhaps, entitle him to maintain the bill if its purpose was to reach equitable assets. The bill alleges that Smith is and has long been insolvent, and that, being so, he has, with intent to prevent the complainant from collecting his judgment, made a pretended assignment of said money, without consideration, to the defendant, Jacob W. Mathewson, and that Mathewson has commenced an action in this court to recover the money, which action is still pending. The bill further alleges that the complainant believes said action was begun to prevent him from reaching said money at law by trustee process. The money, of course, in the hands of Carroll & McParlin, is a *chose in action.* In *Greene* v. *Keene*, 14 R. I. 388, this court decided that *choses in action* were not equitable assets, and that, in the absence of any special equity, they can only be reached by creditors for the payment of debts in pursuance of the modes provided by statute. The complainant contends that there is a special equity alleged in his bill which entitles him to relief, viz., fraud. We will not say that the bill would not make a case for equitable interposition, if, beside the assignment alleged, it had further alleged that, in pursuance of the assignment, said Carroll & McParlin had paid the money over to the assignee. The bill does not so allege, but on the contrary shows that the money is still in the hands of said Carroll & McParlin, and is, therefore, subject to attachment by trustee process, and, for anything that appears, the complainant may be able, having so attached said money, to show the fraud alleged, and so gain his end without resort to this court. His only right to subject the money to the payment of his debt being a right given to him by statute, our opinion is, that he ought to pursue the right under the statute, so far as he can, and only come into equity in case the fraud alleged is found to be such that he cannot attain the right secured to him by the statute without the aid of this court. We are of the opinion, therefore, that this bill is at least premature, and that the demurrer must be sustained.

*William H. Clapp, pro se ipso.*

*Claudius B. Farnsworth,* for respondents.